IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE No.

| | | |
|---|---|---|
| Daniel Rhodes and Ashley Rhodes, individually and on behalf of R.R.<br><br>Plaintiff,<br><br>v.<br><br>Onslow County Board of Education,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT** |

## COMPLAINT

### Preliminary Statement

1. This action is brought under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 *et seq.* (IDEA).
2. Plaintiffs Daniel Rhodes and Ashley Rhodes, individually and on behalf of their minor child, R.R., (hereinafter "the Family"), prevailed in a special education due process trial against Onslow County Board of Education ("OCS").
3. The Honorable Stacey Bice Bawtinhimer, Administrative Law Judge (ALJ) entered a Final Decision in the underlying administrative proceeding on January 27, 2026. A true and correct copy of the Final Decision ("FD") is attached as Exhibit A.[1]

[1] The Final Decision attached has been redacted by the Office of Administrative Hearings (OAH)

4. The ALJ declared the Family the "prevailing party on the November 2023 implementation issue and all claims after May 9, 2024." FD at 70 ¶ 12.
5. As a result, the Family are entitled to recoup their reasonable attorneys' fees and costs.

**Jurisdiction**

6. Jurisdiction is based upon 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A).
7. Venue in this district is proper under 28 U.S.C. § 1391(b).
8. Ashley Rhodes is R.R.'s mother. Daniel Rhodes is R.R.'s father.
9. R.R. is a "child with a disability" as defined by the IDEA. 20 U.S.C. § 1402(3)(A). FD at 46 ¶ 4. R.R. is diagnosed with Partial Trisomy 1q42. FD at 15 ¶ 6.
10. The Family resides and has resided during the relevant time of this matter, within the borders of the Onslow County school district.
11. OCS is a local education agency (LEA), receiving monies pursuant to the IDEA, responsible for providing R.R. a free appropriate public education (FAPE). 20 U.S.C. § 1401. Respondent is subject to the provisions of applicable federal and State laws and regulations, specifically 20 U.S.C. § 1400 et seq.; 34 C.F.R. § 300 et seq.; N.C. Gen. Stat. § 115C-109 et seq.

---

prior to being published on the North Carolina Department of Public Instruction (NCDPI) website. As the underlying matter is sealed, Plaintiffs have attached the redacted version of the Final Decision.

## Statutory and Regulatory Background

12. The IDEA was passed so "children with disabilities. . . have access to a free appropriate education [FAPE]. . . ." 20 U.S.C. § 1400(c)(3).
13. To provide FAPE, the IDEA requires LEAs to provide individualized education programs (IEPs) to children with qualifying disabilities. 20 U.S.C. § 1412(a)(4).
14. The IDEA also requires IEPs to be "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 387 (2017).
15. If an LEA denies a student FAPE, the IDEA provides parents and children with disabilities certain procedural safeguards, including the right to file a due process complaint, to remedy the FAPE denial. 20 U.S.C. § 1415(b)(7).
16. Prevailing parents are entitled to recoup statutory attorney's fees and costs under the IDEA. *See* 20 U.S.C. §§ 1415(i)(3)(B) and (C).

## Statement of Facts

17. Plaintiffs filed a *pro se* Petition for Contested Case Hearing on May 9, 2025, alleging IDEA violations within the jurisdiction of the OAH, including issues of identification, evaluation, placement, and FAPE. FD at 10 ¶ 1. The Petition was subsequently Amended through counsel on July 21, 2025. FD at 11 ¶ 8.
18. Prior to the commencement of the Due Process Hearing, the parties engaged in extensive discovery and filed multiple pretrial motions, which required substantial briefing.
19. Defendant produced over thirteen thousand (13,000) pages of discovery many

of which were duplicative copies of documents previously produced. Defendant also sought to depose both parents, resulting in a full day hearing on Defendant's oral Motion to Dismiss and an oral Motion for Summary Judgment, both of which were denied. FD at 11-12 ¶ 11-19, 34.

20. The Due Process Hearing in the underlying matter required four (4) days of hearing and involved the testimony eight (8) witnesses. The record for this hearing consisted of more than one-thousand one-hundred (1,100) pages of testimony pertaining to the Defendant's failure to provide R.R. a FAPE.

21. The ALJ found OCS "denied R.R. a FAPE in the [LRE] through the May 23, 2024 ESY decision; the implementation of the November 20, 2023 IEP; the September 12, 2024 reevaluation planning and implementation; the November 13, 2024 IEP (including ESY and implementation); and the April 22, 2025 eligibility, placement, and IEP decisions (including predetermination)—the Tribunal concludes that [the Family] are entitled to relief for [OCS]'s denial of R.R.'s right to the [LRE]." *Compare* FD at 1-3 ¶¶ 1-12 *with* FD at 64 ¶ 64 and FD at 70 ¶12.

22. The ALJ found the Family is the prevailing party. FD at 70 ¶ 12.

## **<u>Cause of Action</u>**

### **Attorneys' Fees and Costs**

23. The Family incorporates the above paragraphs as though fully set forth herein at length.

24. As noted *supra*, the ALJ found OCS failed to provide R.R. a FAPE in his LRE,

and the Family is the prevailing party in this matter.

25. As the prevailing party, the Family is entitled to recoup its attorneys' fees and/or costs under the IDEA. 20 U.S.C. §§ 1415(i)(3)(B) and (C).

**WHEREFORE**, the Family respectfully requests the following: (1) that judgment be entered against Defendant, (2) that reasonable attorneys' fees and litigation costs be awarded for the underlying administrative matter and in prosecuting this action, and (3) all other relief this Court may deem appropriate.

Respectfully submitted, this the _10th__ day of April, 2026.

/s/ Stacey M. Gahagan
Stacey M. Gahagan
N.C. State Bar No. 44393
3326 Durham Chapel Hill Blvd.,
Suite 210-C
Durham, NC 27707
Telephone: (919) 942-1430
Email: sgahagan@ncgplaw.com