UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:26-cv-00182-M-BM

| | |
|---|---|
| Daniel Rhodes and Ashley Rhodes, individually and on behalf of R.R., their minor child<br><br>Plaintiffs,<br><br>v.<br><br>Onslow County Board of Education,<br><br>Defendant. | **ANSWER** |

NOW COMES Defendant Onslow County Board of Education ("Board," or "OCS"), by and through undersigned counsel, and responds to the Complaint of the Plaintiffs as follows:

## **ANSWER**

Without waiving any defenses asserted herein, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Admitted.

2. It is admitted that Plaintiffs prevailed only in part in the underlying special education due process proceeding against Onslow County Board of Education. It is further admitted that all claims arising prior to May 9, 2024, except for limited implementation issues related to the November 20, 2023 IEP, were dismissed as untimely. It is also admitted that Plaintiffs' related services claims as well as claims about the appropriateness or implementation of R.R.'s

IEPs' accommodations, supplementary services and aids were dismissed with prejudice. Except as specifically admitted, the allegations in Paragraph 2 are denied.

3. Admitted.

4. The Final Decision ("FD") attached to Plaintiffs' Complaint as Exhibit A speaks for itself and is the best evidence of its content. To the extent a response is required, it is admitted that Page 70 of Plaintiffs' Exhibit A includes the following language, "Petitioners are prevailing party on the November 2023 implementation issue and all claims after May 9, 2024; and, Respondent is prevailing party on all other claims." Except as specifically admitted, the allegations in Paragraph 4 are denied.

5. The allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 5 are denied. Furthermore, Defendant specifically denies that the Complaint provides sufficient information to establish a reasonable fee award. Defendant expressly denies Plaintiffs are entitled to any award without proof of reasonableness, hours expended, rate, and any additional evidence otherwise required for the determination of a reasonable fee award.

6. The allegations in Paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 7 are admitted.

8. Admitted based on information and belief.

9. It is admitted, upon information and belief, that R.R. is diagnosed with Partial Trisomy 1q42. The remaining allegations in Paragraph 9 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 9 are admitted.

10. Admitted based on information and belief.

11. It is admitted that Defendant is a local education agency (LEA) as defined under the IDEA, 20 U.S.C. § 1401 *et seq.*, and that it receives federal financial assistance from the United States Department of Education. It is further admitted that OCS is responsible for providing eligible students with a free and appropriate public education ("FAPE") in accordance with applicable federal and state laws, including the statutes and regulations cited by Plaintiffs in Paragraph 11 of the Complaint. Except as specifically admitted, the allegations in Paragraph 11 are denied.

12. It is admitted that 20 U.S.C. § 1400 (c)(3) contains the quoted language. Except as specifically admitted, the allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 refer to a judicial opinion which speaks for itself and is the best evidence of its content. The allegations in Paragraph 14 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 14 are admitted.

15. The allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 15 are admitted.

16. The allegations in Paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant only admits that 20 U.S.C. § 1415(i)(3)(B) permits a court, in its discretion, to award reasonable attorneys' fees to a qualifying prevailing parent, subject to all applicable limitations, reductions, and proof requirements. Except as specifically admitted, the allegations in Paragraph 16 are denied.

17. It is admitted that Plaintiffs filed a *pro se* Petition for Contested Case Hearing on May 9, 2025, and thereafter filed an Amended Petition through counsel on July 21, 2025. It is further admitted that the Amended Petition asserted additional claims alleging IDEA violations occurring outside the applicable statute of limitations period, including claims predating May 9, 2024, which were dismissed as untimely, except for limited claims relating to the implementation of the November 20, 2023 IEP. Except as specifically admitted, the allegations in Paragraph 17 are denied.

18. It is admitted that the parties engaged in discovery and filed pre-trial motions and related briefing prior to the underlying Due Process Hearing. Except as specifically admitted, the allegations in Paragraph 18 are denied.

19. It is admitted that OCS produced the documents and records within its possession, custody, or control in the amount alleged by Plaintiffs, and that were responsive to Plaintiffs' numerous discovery requests. It is further admitted that OCS sought to depose both parents, and that there was a hearing on OCS's oral Motion to Dismiss and oral Motion for Summary Judgment, both of which were denied. Except as specifically admitted, the allegations in Paragraph 19 are denied.

20. It is admitted that the Due Process Hearing on the merits lasted for four (4) days[1] and that the hearing was bifurcated due to the scope of Plaintiffs' Amended Petition which asserted claims spanning multiple school years, including that were ultimately dismissed as untimely. It is further admitted that the hearing on the merits involved the testimony of eight (8) witnesses. The administrative record, including the hearing transcripts, speaks for itself

---

[1] The hearing in this matter was conducted on September 2, 2025 (statute-of-limitations phase), and September 8–11, 2025 (evidentiary/FAPE phase), for a total of five hearing days, with the merits portion spanning four days. The statute-of-limitations phase included testimony from seven witnesses, while the evidentiary phase involved testimony from eight witnesses, including Plaintiffs' three expert witnesses and multiple fact witnesses.

and is the best evidence of its content and length. Except as specifically admitted, the allegations in Paragraph 20 are denied.

21. The Final Decision attached to Plaintiffs' Complaint as Exhibit A speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations in Paragraph 21 are denied.

22. The Final Decision attached to Plaintiffs' Complaint as Exhibit A speaks for itself and is the best evidence of its content. To the extent a response is deemed required, the allegations in Paragraph 22 are denied including on the grounds that multiple years of Plaintiffs' claims were dismissed as untimely. The ALJ also dismissed Plaintiffs' related services claims, claims regarding the appropriateness of and implementation of R.R.'s accommodations and supplementary services and aids, and claim about the timeliness of R.R.'s AAC-AT evaluation.

23. Defendant's responses to the preceding paragraphs are reasserted and incorporated by reference as if fully set forth herein.

24. The Final Decision attached to Plaintiffs' Complaint as Exhibit A speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 25 are denied including because Plaintiffs only partially prevailed and have not pleaded or proven any reasonable amount of

fees. Except as specifically admitted, the allegations in Paragraph 25 are denied.

EACH AND EVERY ALLEGATION NOT SPECIFICALLY ADMITTED HEREIN, INCLUDING THE ALLEGATIONS IN THE PRELIMINARY STATEMENT AND THE PRAYER FOR RELIEF, ARE HEREBY DENIED.

## FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiffs bear the burden of establishing any entitlement to an award of reasonable fees. Plaintiffs also bear the burden of establishing the hours appropriately expended and a reasonable hourly rate.

## THIRD DEFENSE

Plaintiffs' claims for attorney's fees and costs must be denied, or alternatively reduced, to the extent they are attributable to claims from the 2020-21, 2021-22, 2022-23, and 2023-24 school years (up to May 9, 2024, except for the implementation of the November 2023 IEP). Plaintiffs' FAPE claims from these four school years were dismissed by the Administrative Law Judge as time-barred.

Plaintiffs' claims for attorney's fees and costs must also be denied, or alternatively reduced, to the extent they are attributable to R.R.'s related services,

7

claims of implementation of R.R.'s accommodations and supplemental aids and services, and claim regarding the timeliness of the completion of the AAC-AT evaluation of R.R. Such claims were also dismissed by the Administrative Law Judge.

Because Plaintiffs were not prevailing parties on these dismissed claims, OCS is not liable for any attorney's fees, costs, or expenses incurred in connection with or arising from these claims.

Plaintiffs unreasonably protracted the final resolution of their due process petition. In July of 2025, Plaintiffs revised their petition to assert untimely claims from the 2020-21, 2021-22, 2022-23 and 2023-24 school year up to May 9, 2024. With the exception of the implementation of the November 2023 IEP, Plaintiffs' claims asserted in their revised petition necessitated a bifurcated hearing and were ultimately dismissed as untimely.

## **FIFTH DEFENSE**

Plaintiffs' recovery of attorney's fees and costs is capped and strictly limited by operation of law because OCS made a timely, written offer of settlement under 20 U.S.C. § 1415(i)(3)(D)(i), and, to the extent applicable, Rule 68 that Plaintiffs rejected. To the extent the final relief ultimately awarded to Plaintiffs is not more favorable than the terms of Defendant's offer, Plaintiffs are barred from recovering any attorney's fees or costs incurred after the date the written offer was made, pursuant

to 20 U.S.C. § 1415(i)(3)(D)(i) and/or applicable rules of civil procedure as Plaintiffs were not substantially justified in rejecting the offer.

## SIXTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent their request for attorney's fees exceeds a reasonable hourly rate.

## SEVENTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent the time spent by Plaintiffs' counsel in rendering the legal services is excessive.

## EIGHTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of fees for any time spent on non-compensable activities including clerical tasks.

## NINTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of fees for duplicative billing and vague entries.

## TENTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of fees for excessive travel time and excessive travel costs.

9

## ELEVENTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of fees for services rendered by a non-attorney consultant.

## TWELFTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of fees for costs to which they are not entitled in an IDEA fees action.

## THIRTEENTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of fees for services rendered by expert witnesses.

## FOURTEENTH DEFENSE

Defendant objects to Plaintiffs' complaint to the extent Plaintiffs' counsel seeks recovery of unreasonable fees (including, but not limited to, unreasonable hourly rate and number of hours expended) for the filing of the instant action.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they were not filed within the applicable statute of limitations for an IDEA attorneys' fees action.

## RESERVATION OF ADDITIONAL DEFENSES

In addition to the foregoing, Defendant reserves any and all additional defenses as may be revealed during discovery or during the pendency of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Onslow County Board of Education prays for the relief from the Court as follows:

1.     That Plaintiffs have and recover nothing from OCS by way of this action;

2.     That Defendant be awarded costs and any other relief the Court may deem just and proper.

Respectfully submitted the 10th day of June, 2026.

**POYNER SPRUILL LLP**

By: /s/ *Rachel P. Nicholas*
    RACHEL P. NICHOLAS
    N.C. State Bar No. 47979
    Poyner Spruill LLP
    301 Fayetteville Street, Suite 1900
    Post Office Box 1801
    Raleigh, NC 27602-1801
    Telephone: (919) 783-6400
    Facsimile: (919) 783-1075
    rnicholas@poynerspruill.com

*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 10th day of June, 2026.

/s/ *Rachel P. Nicholas*
RACHEL P. NICHOLAS
N.C. State Bar No. 47979
Poyner Spruill LLP
301 Fayetteville Street, Suite 1900
Post Office Box 1801
Raleigh, NC 27602-1801
Telephone: (919) 783-6400
Facsimile: (919) 783-1075
rnicholas@poynerspruill.com

*Attorney for Defendant*